## 20483

Thomas M. CHAVIS, Sr., Appellant, v. UNITED FAMILY LIFE INSURANCE COMPANY, Respondent.

(236 S. E. (2d) 816)

*David E. Trice,* of Cheraw, *for Appellant,*

*William P. Griggs, of Harris, Griggs* and *Spruill,* Cheraw, *for Respondent,*

August 9, 1977.

Per Curiam:

The order of the lower court sets forth and properly disposes of all of the issues submitted to us on this appeal. Let the order of the judge be printed as the directive of this Court.

## ORDER

This matter is before the Court on the cross motions of the plaintiff and the defendant for summary judgment. It is submitted on the basis of the pleadings, the medical records of the plaintiff, the policy of insurance and certain affidavits. It was argued by Colonel David E. Trice for the plaintiff and Mr. William P. Griggs for the defendant.

The plaintiff borrowed money from the First Federal Savings and Loan Association of Cheraw on the security of a mortgage covering his home. The monthly payment to be made on this mortgage was $63.00 and, through the Savings and Loan Association, he was issued a disability policy which would pay an amount equal to the monthly mortgage payment if he should thereafter become disabled. This policy was dated June 1, 1972, and was issued to the plaintiff under a group policy of American Home Assurance Company. The American Home policy was not guaranteed renewable and, during the spring of 1973, the company notified the Savings and Loan Association that it was canceling all coverage as of the anniversary date of policies

issued under the group policy. Thereafter the Association, acting through its Executive Vice-President, Mr. C. E. Watts, Jr., negotiated for another group policy to provide protection to its mortgagees. This policy was issued by United Family Life Insurance Company, the defendant in this action, and was stated to be guaranteed renewable. Mr. Watts mailed to the plaintiff or delivered to his wife a policy under the group policy, the policy of the plaintiff being dated June 1, 1973, and providing for the monthly payment of $63.00 in case of disability and for waiver of premiums during the period of any disability.

For some considerable while before the issuance of the policy on June 1, 1973, the plaintiff had been suffering from multiple sclerosis and had been receiving medical treatment for this illness. By March of 1973 his condition had deteriorated to the point where he had become totally disabled and was unable from that time on to engage in gainful employment. It is to be pointed out, however, that the policy here in question was not issued on the application of the plaintiff. He made no statements to the insurer which were in any wise untrue. It was simply a case of an individual policy being issued under a group policy without medical examination or the submission of an application setting forth the physical condition or medical history of the insured.

While the plaintiff was disabled when the policy was issued, he did not file a proof of loss until two years later. The policy covers total disability resulting from sickness, and sickness is defined to mean "sickness contracted while this policy is in force". It is the position of the plaintiff that the two-year incontestability clause prevents the defendant from setting up the defense that he was in fact suffering from multiple sclerosis at the time of the issuance of the policy and that this disease is the cause of his total disability. The defendant argues that the risk covered is a disability resulting from sickness which did not exist at the time of the issuance of the policy and that, therefore,

the claim of the plaintiff is not within the coverage of the policy. As to these two positions, the writer would be inclined to agree with that of the plaintiff except for one crucial fact which is put in issue by the Complaint and the Amended Answer. This case is controlled by the fact that the plaintiff's total disability has already commenced more than two months before the issuance of the policy on which he sues. Where, as here, the loss precedes the policy, there seems to be no basis on which the plaintiff can recover. To hold otherwise would be to change a contract to assume a risk into a contract to pay a loss.

The plaintiff argues that the defendant in this case assumed the coverage provided to him in 1972 by the policy issued by American Home Assurance Company. While it appears from the affidavit of Mr. Watts that he was probably acting as agent for both insurance companies rather than as agent for Mr. Chavis and other clients of the Savings and Loan Association, the writer sees no basis on which the issuance of the earlier policy to the plaintiff could in any way enlarge his rights against the defendant on the policy dated June 1, 1973. The situation involved is by no means comparable to a case where one company takes over the assets of another and assumes its policies. Here, the first company issued a disability policy which was not "guaranteed renewable", whereas the defendant issued such a policy to replace the earlier policy which had been terminated by the first insurer acting within its rights. For the foregoing reasons,

It Is Ordered That judgment be entered for the defendant and that the plaintiff's Complaint be dismissed.